UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

JAMELL JONES,

               Petitioner,

       -against-

SUPERINTENDENT, Attica Correctional
Facility,

            Respondent.

--------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. D......... ....... .... E.D N.Y
☆        AUG 2 9 2007        ☆
P.M. _____
TIME A.M. _____

**MEMORANDUM AND ORDER**
07-CV-3222 (NG)

GERSHON, United States District Judge.

On July 30, 2007, petitioner Jamell Jones filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 1993 Richmond County conviction. See People v. Jones, 220 A.D.2d 689 (2nd Dept. 1995). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, the Court directs petitioner to submit an amended petition within 60 days of the entry of this Order that conforms to the Rules Governing Section 2254 cases.

## DISCUSSION

Rule 2

A state prisoner must submit a petition that conforms to the Rules Governing Section 2254 Cases. Here, petitioner fails to comply with Rule 2 of these Rules. Rule 2(c) requires a petition to specify all of petitioner's grounds for relief, setting forth in summary form the facts supporting each of the specified grounds for relief and stating the relief requested. A petition must permit the court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be

adjudicated. The instant petition cannot proceed as presented as petitioner supplies no facts and fails to set forth the grounds upon which he is seeking review. A petition must also show that petitioner has exhausted the remedies available in the state courts. 28 U.S.C. §2254 (b)(1)(A).[1]

AEDPA Statute of Limitations

The petition also appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

---

[1] 28 U.S.C. § 2254 requires exhaustion of all available state remedies as a prerequisite to habeas relief. Rose v. Lundy, 455 U.S. 509, 510 (1982); Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye v. Attorney General, 696 F.2d 186, 190 (2d Cir. 1982), cert. denied, 464 U.S. 1048 (1984); 28 U.S.C. § 2254(b).

shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); see Lindh v. Murphy, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").

It appears that petitioner was convicted on October 18, 1993. The Appellate Division, Second Department, affirmed the conviction on October 23, 1995. See People v. Jones, 220 A.D.2d 689 (2d Dep't 1995). On May 6, 1996, the New York State Court of Appeals denied petitioner leave to appeal. See People v. Jones, 88 N.Y.2d 880 (1996). A petitioner's judgment of conviction becomes final 90 days from the date the New York State Court of Appeals denies leave to appeal. Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). Therefore, petitioner's conviction became final on or about August 4, 1996 and petitioner had until August 4, 1997 to file a writ of habeas corpus. Since the petition was filed on July 30, 2007, almost ten years after the limitations period expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

In calculating a one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment of claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, petitioner is advised that filing a post-conviction motion does not start the one-year statute of limitations period to run anew. Rather, the tolling provision under § 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation from the calculation of the one-year statute of limitations. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (per curiam).

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time." Smith v.

McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000) (confiscation of legal papers may be sufficient to establish potential basis for equitable tolling); but see Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (even with extraordinary circumstances early in the statutory period, petitioner must show he diligently pursued the application in the time remaining). Petitioner presents no facts to show whether statutory or equitable tolling may be applicable.

## CONCLUSION

Petitioner is directed to submit an amended petition that complies with Rule 2 (c) within 60 days of the entry of this Order. The Clerk of Court is directed to send petitioner a 28 U.S.C. § 2254 form petition along with this Order for petitioner's convenience. The amended petition must explain in a short and plain fashion exactly what grounds he is raising and the facts that are relevant to those grounds. In addition, petitioner must state what steps, if any, he has taken to exhaust his state court remedies. Petitioner should also include the dates he filed any post-conviction motions, when those motions were decided and any other facts which would support tolling of the statute of limitations.[2] Petitioner is further advised to name his present custodian as the respondent in the amended petition.

No response to the petition shall be required at this time and all further proceedings shall be stayed for sixty (60) days for petitioner to comply with this Order. If petitioner fails to comply with this order within the time allowed, the instant petition shall be dismissed for failure to

---

[2] An affirmation form is attached in order for petitioner to state facts which would support equitable tolling of the statute of limitations.

comply with the Rules Governing 2254 cases.

SO ORDERED.

s/NG

NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
August 27, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JAMELL JONES,

                Petitioner,

        -against-

SUPERINTENDENT, Attica Correctional
Facility,

                Respondent.

------------------------------------------------------------x

**PETITIONER'S AFFIRMATION**
07-CV-3222 (NG)

STATE OF _____ }
COUNTY OF _____ } SS:

      JAMELL JONES, makes the following affirmation under the penalties of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's order dated _____. The instant petition should not be time-barred by the one-

year statute of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]**

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature

_____
Address

_____
City, State & ZIP